THE MISSOURI PACIFIC COMPANY v. HOMER KENNETT.

No. 15,729. (99 Pac. 269.)

INTERSTATE COMMERCE—*Execution Levied on a Car.* The facts found held not to show that a car on which an execution was levied was used in interstate commerce.

Error from Cloud district court; WILLIAM T. DILLON, judge. Opinion filed December 12, 1908. Affirmed.

*B. P. Waggener,* and *J. M. Challiss,* for plaintiff in error.

*Cornelius Gant,* and *Homer Kennett,* for defendant in error.

*Per Curiam:* In this case the court made findings of fact and conclusions of law. If upon the facts found the judgment is right it is immaterial if some of the conclusions of law are not correct.

The attacks made upon the jurisdiction of the justice of the peace in the principal action, upon the garnishment order in that action, and upon the liability of the garnishee in this action, are all based upon two contentions: (1) The car in controversy was being used in interstate commerce, and (2) in any event seizure of the car would contravene public policy, in that it would embarrass commerce.

The district court tried out the first question, and found specifically the facts upon which it is claimed the car was being used in interstate commerce, refused specifically to make such a deduction, and found the other way. This court agrees fully with the district court that the *"a," "b," "c," "d"* and *"e"* propositions relied upon in the brief do not prove that the car was received and retained in the course of interstate commerce, under the arrangement existing between the two roads.

The plaintiff in error had the burden of proof, had all the facts in its possession, and could have shown the truth. Its conduct in doling out none but the remote circumstances found in the evidence leads to the conclusion that a disclosure of all the facts would have been prejudicial to it (*Belknap v. Sleeth,* 77 Kan. 164, 93 Pac. 580), and the finding of the court is approved. This disposes of the main argument.

There is nothing in the record to show where the car in question came from, whether or not it was going anywhere, whether it was loaded or empty; in short, whether it was being used for railroad transportation purposes at all. Conceding, for purposes of the decision merely, that the law upon the second proposition is correctly stated by plaintiff in error, there are no facts to which it can apply. The court will not go very far upon mere assumption that the public welfare will be prostrated by this proceeding and so drive the defendant in error to ask a receivership for a great railway company to collect this trifling debt.

The judgment of the district court is affirmed.